IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOHN FITZGERALD FREEMAN, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 7:04-CV-32 (HL) |
| DOCTOR LEBEDOVYCH, : | |
| : | |
| **Defendant.** : | |
| : | |

# ORDER

Before the Court is a Report and Recommendation (Doc. 42) from United States Magistrate Judge Richard L. Hodge that recommends granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. Plaintiff has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a *de novo* determination of the portion of the recommendation to which Plaintiff objects. For the reasons stated below, the recommendation is accepted, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

Plaintiff brought suit, under 42 U.S.C. § 1983, alleging prison officials at Valdosta State Prison violated the Eighth Amendment[1] because they were deliberately indifferent to his mental health needs. After limited discovery, Defendant Jones moved for summary judgment

---

[1]As made applicable to the states through the Fourteenth Amendment. Louisiana *ex rel.* Francis v. Resweber, 329 U.S. 459, 463, 67 S. Ct. 374, 376 (1947).

contending that the Plaintiff's evidence was insufficient to support his Eighth Amendment claim. The Magistrate Judge's recommendation, now before the Court, recommends granting Defendant's motion and denying Plaintiff's motion. Objecting to the recommendation, Plaintiff asserts that evidence already in the record is sufficient to defeat summary judgment. The Eleventh Circuit holds that "to survive summary judgment on [a] section 1983, Eighth Amendment claim, [Plaintiff] is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Because Plaintiff's objections only address the second element, the Court will only discuss whether there is evidence of deliberate indifference.

"Deliberate indifference to a prisoner's serious medical needs violates the [E]ighth [A]mendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'" Brown v. Hughes, 984 F.2d 1533, 1537-38 (11th Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The Eleventh Circuit has further recognized that the failure to address a prisoner's serious mental health needs, if done with deliberate indifference, also violates the Eighth Amendment. Harris v. Thigpen, 941 F. 2d 1495, 1505 (11th Cir. 1991). Although "failure to take steps to prevent an inmate from committing suicide can amount to deliberate indifference," failure attributable to negligence or medical malpractice does not. Greason v. Kemp, 891 F.2d 829, 835-36 (11th Cir. 1990), See also Estelle v. Gamble, 429 U.S. 97, 104, 105-06, 97 S. Ct. 285, 291-92. Accordingly, when a mentally ill prisoner has received medical treatment that was arguably aimed at stabilizing the

prisoner's health, federal courts will not generally engage in a subsequent review of medical decisions just to constitutionalize a basic tort claim. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981)).

Here, Plaintiff objects by pointing to three courses of conduct to show deliberate indifference: (1) Defendant did not believe the Plaintiff's complaints of hallucinations because the Defendant believed the Plaintiff was a drug seeker, (2) Defendant never added the drug Geodon to Plaintiff's regimen when lowering the Risperdal dose, and (3) Plaintiff did not receive adequate care until seven days after his apparent suicide attempt. Plaintiff's first example does not further his cause. Essentially Plaintiff is arguing that Defendant deliberately ignored Plaintiff's mental condition because he believed Plaintiff was a drug seeker. Assuming Plaintiff is correct, this evidence actually shows that Defendant could not have deliberately disregarded Plaintiff's serious medical need, for Defendant believed Plaintiff had no such need. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (holding that an "official's failure to alleviate a significant risk that he should have perceived but did not" was not evidence of deliberate indifference).

Plaintiff's second example concerns the drug Geodon, which Defendant claims was added when the Risperdal treatment was lowered. Plaintiff points to a physicians order that allegedly show that he was not actually prescribed Geodon, although it was ordered. (Def.'s Mot. Summ. J., Ex. E-1.) Assuming the Geodon was never prescribed only demonstrates that the Plaintiff was treated with a different combination of drugs than originally considered; it does not show deliberate indifference. See Kramer v. Gwinnett County, 306 F. Supp. 2d 1219, 1227

(N.D. Ga. 2004) (holding that using one available treatment over another similar treatment is not evidence of deliberate indifference). Plaintiff may have desired a different combination of drugs than those prescribed; however, a mere disagreement over treatment possibilities is not enough to signal a constitutional violation.

Plaintiff's final argument is that he did not receive adequate medical care until seven days after his suicide attempt. Plaintiff points to both, the report detailing his post-suicide treatment and the physician's report dated seven days later to show he did not receive his original dose of Risperdal. (Def.'s Mot. Summ. J., Ex. E-2, I.) Essentially, Plaintiff suggests that any medical care that did not involve reinstating his previous Risperal dosage is inadequate. This argument is simply without merit. The Eighth Amendment does not afford prisoners the right to specify their own course of treatment, much less the right to any specific dosage of any specific drug. Although Plaintiff may have preferred a different course of treatment, the evidence presented shows no deliberate indifference towards Plaintiff's medical needs.

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation and thereby grants Defendant Jones' Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

**SO ORDERED**, this the 1st day of September, 2005.

                                    s/   Hugh Lawson
                                    **HUGH LAWSON, Judge**

scs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**JOHN FITZGERALD FREEMAN,**

    **Plaintiff,**

**v.**

**DOCTOR LEBEDOVYCH,**

    **Defendant.**

**Civil Action No.
7:04-CV-32 (HL)**

## ORDER

Before the Court is a Report and Recommendation (Doc. 42) from United States Magistrate Judge Richard L. Hodge that recommends granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. Plaintiff has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a *de novo* determination of the portion of the recommendation to which Plaintiff objects. For the reasons stated below, the recommendation is accepted, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

Plaintiff brought suit, under 42 U.S.C. § 1983, alleging prison officials at Valdosta State Prison violated the Eighth Amendment[1] because they were deliberately indifferent to his mental health needs. After limited discovery, Defendant Jones moved for summary judgment

---

[1] As made applicable to the states through the Fourteenth Amendment. Louisiana *ex rel.* Francis v. Resweber, 329 U.S. 459, 463, 67 S. Ct. 374, 376 (1947).

contending that the Plaintiff's evidence was insufficient to support his Eighth Amendment claim. The Magistrate Judge's recommendation, now before the Court, recommends granting Defendant's motion and denying Plaintiff's motion. Objecting to the recommendation, Plaintiff asserts that evidence already in the record is sufficient to defeat summary judgment. The Eleventh Circuit holds that "to survive summary judgment on [a] section 1983, Eighth Amendment claim, [Plaintiff] is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Because Plaintiff's objections only address the second element, the Court will only discuss whether there is evidence of deliberate indifference.

"Deliberate indifference to a prisoner's serious medical needs violates the [E]ighth [A]mendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'" Brown v. Hughes, 984 F.2d 1533, 1537-38 (11th Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The Eleventh Circuit has further recognized that the failure to address a prisoner's serious mental health needs, if done with deliberate indifference, also violates the Eighth Amendment. Harris v. Thigpen, 941 F. 2d 1495, 1505 (11th Cir. 1991). Although "failure to take steps to prevent an inmate from committing suicide can amount to deliberate indifference," failure attributable to negligence or medical malpractice does not. Greason v. Kemp, 891 F.2d 829, 835-36 (11th Cir. 1990), See also Estelle v. Gamble, 429 U.S. 97, 104, 105-06, 97 S. Ct. 285, 291-92. Accordingly, when a mentally ill prisoner has received medical treatment that was arguably aimed at stabilizing the

prisoner's health, federal courts will not generally engage in a subsequent review of medical decisions just to constitutionalize a basic tort claim. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981)).

Here, Plaintiff objects by pointing to three courses of conduct to show deliberate indifference: (1) Defendant did not believe the Plaintiff's complaints of hallucinations because the Defendant believed the Plaintiff was a drug seeker, (2) Defendant never added the drug Geodon to Plaintiff's regimen when lowering the Risperdal dose, and (3) Plaintiff did not receive adequate care until seven days after his apparent suicide attempt. Plaintiff's first example does not further his cause. Essentially Plaintiff is arguing that Defendant deliberately ignored Plaintiff's mental condition because he believed Plaintiff was a drug seeker. Assuming Plaintiff is correct, this evidence actually shows that Defendant could not have deliberately disregarded Plaintiff's serious medical need, for Defendant believed Plaintiff had no such need. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (holding that an "official's failure to alleviate a significant risk that he should have perceived but did not" was not evidence of deliberate indifference).

Plaintiff's second example concerns the drug Geodon, which Defendant claims was added when the Risperdal treatment was lowered. Plaintiff points to a physicians order that allegedly show that he was not actually prescribed Geodon, although it was ordered. (Def.'s Mot. Summ. J., Ex. E-1.) Assuming the Geodon was never prescribed only demonstrates that the Plaintiff was treated with a different combination of drugs than originally considered; it does not show deliberate indifference. See Kramer v. Gwinnett County, 306 F. Supp. 2d 1219, 1227

(N.D. Ga. 2004) (holding that using one available treatment over another similar treatment is not evidence of deliberate indifference). Plaintiff may have desired a different combination of drugs than those prescribed; however, a mere disagreement over treatment possibilities is not enough to signal a constitutional violation.

Plaintiff's final argument is that he did not receive adequate medical care until seven days after his suicide attempt. Plaintiff points to both, the report detailing his post-suicide treatment and the physician's report dated seven days later to show he did not receive his original dose of Risperdal. (Def.'s Mot. Summ. J., Ex. E-2, I.) Essentially, Plaintiff suggests that any medical care that did not involve reinstating his previous Risperal dosage is inadequate. This argument is simply without merit. The Eighth Amendment does not afford prisoners the right to specify their own course of treatment, much less the right to any specific dosage of any specific drug. Although Plaintiff may have preferred a different course of treatment, the evidence presented shows no deliberate indifference towards Plaintiff's medical needs.

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation and thereby grants Defendant Jones' Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

**SO ORDERED**, this the 1st day of September, 2005.

                               s/   Hugh Lawson
                               **HUGH LAWSON, Judge**

scs